EL PUEBLO DE PUERTO RICO, peticionario, *v.* JAYSON RODRÍGUEZ LÓPEZ, recurrido.

*Número:* CC-2000-419          *Resuelto:* 14 de diciembre de 2001

*Gustavo A. Gelpí, Procurador General*, peticionario; *Carmen Ana Rodríguez Maldonado*, abogada del recurrido.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

En el caso de autos se nos plantea la interrogante de si el imputado de delito grave tiene derecho a obtener copia de las declaraciones juradas de los testigos que fueron examinados durante la vista de causa probable para el arresto, antes de que los testigos se sienten a declarar en vista preliminar o en el juicio en su fondo. Resolvemos que a la luz de nuestro ordenamiento procesal no le asiste tal derecho en esa etapa de los procedimientos.

## I

Contra Jayson Rodríguez López (en adelante el imputado) se presentaron denuncias por los delitos de asesinato en primer grado,[1] robo[2] y violación a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416 y 418. Durante la vista de causa probable para el arresto, el juez municipal, Hon. Jorge Núñez Burgos, interrogó a los cuatro (4) testigos de cargo. El Fiscal no estuvo presente durante dicha vista. La representación legal del imputado contrainterrogó a cada uno de los testigos. Al realizar el contrainterrogatorio, la defensa solicitó copia de las declaraciones juradas de los testigos de cargo presentados. Sin embargo, éstas no estaban disponibles. Luego del trámite de rigor, se determinó causa probable y se señaló fecha para vista preliminar.

Antes de celebrar la vista preliminar, la defensa presentó una moción al amparo de la Regla 95 de Procedimiento Criminal, *supra*, en la que solicitaba entre otras cosas, las declaraciones juradas de los testigos que declararon en la vista de causa probable para el arresto. La defensa argumentó que como tenía derecho a contrainterrogar a los testigos de cargo, la Regla 6 de Procedimiento

---

[1] Art. 83 del Código Penal, 33 L.P.R.A. sec. 4002.

[2] Art. 173 del Código Penal, 33 L.P.R.A. sec. 4279.

Criminal, 34 L.P.R.A. Ap. II, la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y nuestra jurisprudencia le garantizaban el descubrimiento solicitado. El Ministerio Público se opuso indicando que el imputado no tenía derecho a las declaraciones juradas solicitadas. El tribunal de instancia acogió la solicitud de la defensa y le ordenó al Ministerio Público que entregara las declaraciones juradas de los testigos que fueron examinados durante la vista de causa probable para el arresto. Oportunamente, el Ministerio Fiscal presentó un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones. Por su parte, el foro apelativo confirmó la orden del tribunal de instancia. Inconforme, el Ministerio Público acude ante nos. Luego de expedir el auto solicitado y examinar las comparecencias de las partes, resolvemos.

## II

Antes de pasar a discutir la controversia que se nos plantea, valga hacer ciertas observaciones en cuanto a los cambios que ha sufrido el procedimiento de vista de causa probable para el arresto —Regla 6 de Procedimiento Criminal, *supra*— aquí en cuestión.

■ En su origen, las Reglas de Procedimiento Criminal disponían que la determinación de causa probable para el arresto debía hacerse mediante la presentación de una denuncia jurada ante un magistrado. Cuando el denunciante era una persona particular, tenía que tener conocimiento personal de los hechos. Ahora, si el denunciante era un policía o ciertos funcionarios públicos, la denuncia podía estar fundamentada en hechos que le constaran por información y creencia. No obstante, aún en dicho caso el magistrado tenía que examinar a algún testigo que tuviera conocimiento personal de los hechos. Reglas 5 y 6 de Procedimiento Criminal, 84 D.P.R. 837, 840 (1963).

■ Posteriormente, se creó una nueva modalidad

para la determinación de causa probable para el arresto. Se dispuso que el magistrado también podría determinar causa probable para arresto al examinar bajo juramento a algún testigo o testigos con conocimiento personal de los hechos, sin necesidad de que se presentara una denuncia. Particularmente se proveyó que, al determinarse causa probable para arresto siguiendo esta nueva modalidad, el imputado tendría derecho a estar asistido de abogado, a contrainterrogar los testigos en su contra y a ofrecer prueba a su favor. El efecto fue crear una especie de "vista preliminar híbrida", de carácter adversativo, que pudiese sustituir la vista preliminar dispuesta en la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Ley Núm. 29 de 19 de junio de 1987, Leyes de Puerto Rico, págs. 98 y 99–100.

■ Después de la correspondiente determinación de causa probable para arresto, las Reglas de Procedimiento Criminal de 1963 ordenaban la celebración de una vista de causa probable para acusar —vista preliminar— en todo caso en que se imputara la comisión de delito grave. En cambio, a tenor del nuevo esquema procesal propuesto en 1987, la celebración de la vista preliminar sólo sería necesaria cuando se imputara la comisión de un delito grave y el magistrado que presida la vista de causa probable para arresto no hubiese examinado algún testigo con conocimiento personal de los hechos o cuando se determinó causa en ausencia del imputado, o estando éste presente, pero sin representación legal. Es decir, cuando la determinación de causa probable para arresto se hiciera mediante el examen de testigo, en presencia del imputado y su representación legal, no sería necesaria la celebración de una vista preliminar. Ley Núm. 29, *supra*; *Pueblo v. Rivera y Rodríguez*, 122 D.P.R. 862, 875 (1988).

■ Para complementar la reforma procesal de 1987, se enmendó la Regla 95, *supra*, para disponer, entre otras cosas, que después de presentada la acusación, el acusado

tendría derecho a las declaraciones juradas de los testigos de cargo que hayan testificado en la "vista híbrida" de causa probable para el arresto. Por el contrario, si la vista de determinación de causa probable para el arresto se realizaba sin examinar testigos con conocimiento personal de los hechos, sino mediante el examen de la denuncia o declaraciones juradas, o de ambas cosas, la referida disposición de la Regla 95, *supra*, no era aplicable. Ley Núm. 58 de 1ro de julio de 1988, Leyes de Puerto Rico, pág. 287. Véanse, además: Diario de Sesiones de la Cámara de Representantes de 12 de mayo de 1988, págs. 58–59; E.L. Chiesa Aponte, *Procedimiento Penal*, 68 Rev. Jur. U.P.R. 241, 244 (1999).

Esta reforma del ordenamiento procesal tenía el propósito de proveerle a la vista de determinación de causa probable para arresto un carácter adversativo, de manera que la celebración de vista preliminar se hiciera innecesaria y se agilizara el proceso judicial de las acciones criminales. Sin embargo, los resultados no fueron los esperados. El efecto práctico era que el imputado de delito grave no comparecía a la vista de determinación de causa probable para arresto, o si lo hacía, comparecía sin abogado. Esto con el fin de resguardar su derecho a vista preliminar. Exposición de Motivos, Ley Núm. 26 de 8 de diciembre de 1990, Leyes de Puerto Rico, pág. 1503.

■ Así las cosas, en el 1990 mediante la Ley Núm. 26, *supra*, la Asamblea Legislativa reinstaló el esquema procesal vigente previo a las enmiendas de 1987. Se volvió a reconocer el derecho del imputado a la celebración de una vista preliminar en todo caso de delito grave, independientemente de si el sospechoso estuvo presente y representado por abogado o si se presentaron testigos con conocimiento personal de los hechos en la determinación de causa probable para el arresto. A pesar de la clara intención de la Asamblea Legislativa de reinstalar el esquema procesal vigente anterior a 1987, los derechos que se reconocieron en

la determinación de causa probable para arresto bajo el esquema procesal que ahora se derogaba, inexplicablemente no fueron eliminados.[3] Se ha sugerido que dicha omisión se debió a una inadvertencia del legislador. Chiesa Aponte, *supra*, pág. 247.

■ El derecho del imputado a contrainterrogar los testigos en su contra y a presentar prueba a su favor en la vista para la determinación de causa probable para el arresto fue introducido por la Ley Núm. 29, *supra*, como parte esencial del esquema para eliminar la vista preliminar en ciertos casos. Eliminado tal esquema, debió de eliminarse la referida disposición del texto de la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1993, Vol. II, Sec. 21.3, pág. 26.

### III

Pasemos ahora a determinar si las Reglas de Procedimiento Criminal o la jurisprudencia reconocen el derecho al imputado a obtener las declaraciones juradas de testigos cuando éstos no han testificado en una de las etapas centrales del procedimiento criminal, como vista preliminar o juicio.

■ Anteriormente hemos reiterado el derecho que tiene el imputado a obtener las declaraciones juradas de los testigos de cargo que hayan declarado en vista preliminar, una vez finaliza el examen directo y antes de comenzar el contrainterrogatorio. Así lo dispone expresamente el inciso (c) de la Regla 23 de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II. *Pueblo v. Ortiz, Rodríguez,*

---

[3] La Ley Núm. 26 de 8 de diciembre de 1990, Leyes de Puerto Rico, pág. 1503, revirtió el texto de la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, a su estado anterior a la enmienda de 1987, sin embargo, en cuanto a la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, no se hizo lo propio.

149 D.P.R. 363 (1999); *Pueblo v. Rivera Rodríguez*, 138 D.P.R. 138, 144 (1995); *Pueblo v. Ribas*, 83 D.P.R. 386, 391–392 (1961). Igualmente, después de presentado el pliego acusatorio, el acusado de delito grave tiene derecho a solicitar del Ministerio Público las declaraciones juradas de los testigos que se sentaron a declarar en la vista adversativa de determinación de causa probable para arresto o citación, en la vista preliminar, si ya no las tiene, en el juicio o que fueron renunciados por el Ministerio Público. Regla 95(a)(2) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. Rivera Rodríguez*, supra; *Pueblo v. Ribas*, supra.

■ Como vemos, las Reglas de Procedimiento Criminal sólo reconocen al imputado acceso a las declaraciones juradas de los testigos de cargo en la vista preliminar misma o después de presentada la acusación, si los testigos declararon en vista de causa probable para arresto, vista preliminar o juicio, o fueron renunciados por el Fiscal. En cualquier otro caso, para que la defensa tenga acceso a las declaraciones juradas de los testigos de cargo tiene que sustentar su solicitud en el debido proceso de ley. Chiesa Aponte, *op. cit.*, Sec. 28.2, pág. 329.

■ Por otro lado, anteriormente nos hemos expresado en cuanto al derecho del imputado a obtener declaraciones juradas de los testigos de cargo presentados a nivel de vista de causa probable para el arresto, antes de que declaren en vista preliminar o en el juicio en su fondo. En *Pueblo v. Rivera Rivera*, 145 D.P.R. 366 (1998), sostuvimos que el imputado de un delito grave no tiene derecho a obtener copia de las declaraciones juradas que sirvieron de base para la determinación de causa probable para el arresto, antes de que los testigos se sienten a declarar por primera vez en vista preliminar o en el juicio en su fondo. En esa ocasión, resolvimos que el imputado tendría que aguardar al momento en que los testigos se sienten a de-

clarar en vista preliminar o en el juicio para obtener sus declaraciones juradas.

En el caso de autos procede llegar al mismo resultado que en *Pueblo v. Rivera Rivera*, supra. A diferencia de lo que estima la defensa, el presente caso no amerita un resultado distinto a la luz de lo explicado anteriormente con respecto al origen del texto de la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y el derecho que se invoca aquí por el imputado.

■ Del análisis anterior se desprende que ni las Reglas de Procedimiento Criminal ni su jurisprudencia interpretativa reconocen el derecho del acusado a obtener las declaraciones juradas de los testigos presentados en la vista de determinación de causa probable para el arresto, antes de que los testigos declaren por primera vez en vista preliminar o se presente el pliego acusatorio.

## IV

■ El derecho que la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, le consagra al imputado a estar presente, asistido de abogado, contrainterrogar a los testigos en su contra y ofrecer prueba a su favor durante la celebración de la vista de causa probable no es absoluto. La vista de causa probable para arresto puede y, como norma general, se celebra en ausencia del imputado de delito. Asimismo, el derecho del imputado a contrainterrogar a los testigos en su contra a nivel de causa probable para arresto depende de la discreción del tribunal. *Pueblo v. Jiménez Cruz*, 145 D.P.R. 803 (1998). Por lo tanto, la referida disposición no debe resultar en la conclusión de reconocerle al imputado un derecho a descubrir prueba en una etapa tan temprana de los procedimientos como en la Regla 6 (34 L.P.R.A. Ap. II).

■ De igual forma, contrario a lo que estima la defensa, el caso *Pueblo v. Rivera Rivera*, supra, no le reconoce

al imputado el derecho a obtener las declaraciones juradas de los testigos en su contra que sean examinados en la vista de causa probable para el arresto, antes de que declaren en vista preliminar o en el juicio. En el referido caso, citando la Regla 95 de procedimiento Criminal, *supra*, reconocimos que *después de presentada la acusación*, el acusado tiene derecho a obtener las declaraciones juradas de los testigos de cargo que declaren en la vista de determinación de causa probable para el arresto. El acceso a estas declaraciones juradas al amparo de la Regla 95, *supra*, procede si la determinación de causa probable para arresto se hace en presencia del acusado, y representado por abogado, siguiendo el método más formal que reconocen las Reglas de Procedimiento Criminal para la determinación de causa probable para el arresto.

En la situación particular ante nos, el imputado solicita acceso a las declaraciones juradas de los testigos de cargo que declararon en una vista adversativa de determinación de causa probable para el arresto, antes de que se presente el pliego acusatorio. Ciertamente, el imputado tiene derecho a la información solicitada pero no en esta etapa de los procedimientos, sino después de presentado el pliego acusatorio al amparo de la Regla 95 de Procedimiento Criminal, *supra*, a menos que los mismos testigos se presenten en vista preliminar.

La determinación que hacemos hoy en este caso refleja nuestra preocupación por velar de forma cautelosa por que la vista de causa probable para el arresto no se convierta en otra vista preliminar o en un minijuicio. De todas formas, el remedio solicitado está disponible en la etapa de vista preliminar; ese es el momento más oportuno para que el imputado procure impugnar y contrainterrogar a los testigos en su contra. No nos corresponde alterar el esquema procesal de vista de causa probable para arresto, vista preliminar y juicio; cada uno con sus particulares procedimientos y derechos. Adoptar una norma liberal en este

caso, como pretende el imputado, conllevaría como resultado práctico duplicar la vista preliminar. Esto resultaría en detrimento de la agilidad que debe prevalecer en la etapa de Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y desnaturalizaría el carácter de la vista preliminar, convirtiéndola en un auténtico minijuicio, situación expresamente repudiada por nuestra jurisprudencia. *Pueblo v. Rivera Rivera*, supra; *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653 (1985); *Pueblo v. Figueroa Castro*, 102 D.P.R. 279 (1974).

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.