Opinión disidente emitida por la
Juez Asociada Señora Ro-dríguez Rodríguez.
Hoy, una mayoría de los miembros de este Tribunal con-cluye que corresponde al juez que preside la vista de deter-minación de causa probable para el arresto decidir cuándo procede citar al imputado de delito para que comparezca a dicho procedimiento; Es decir, el Tribunal, mediante fíat judicial, enmienda la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, para incluir un requisito no dispuesto en ésta. En el proceso de así hacerlo, limita las prerrogativas del Ministerio Público de cómo conducir los procedimientos penales.
Disiento enérgicamente de esta determinación, por en-tender que nuestro derecho constitucional y estatutario no impone al Ministerio Público el deber de citar al imputado, ni de exponer las razones para ño hacerlo. Considero que decidir citar al imputado a la vista de causa probable para el arresto es una prerrogativa del Ministerio Público, en cuyo ejercicio éste goza de amplia discreción. A mi juicio, la determinación de este Tribunal irrumpe, impermisible-mente, en las facultades de otra rama de gobierno.
No obstante, en rigor, debo hacer constar que en estos *622 casos el Ministerio Público no debió haber utilizado el me-canismo de radicación en ausencia contra los aquí imputa-dos, pues éstos se encontraban en la custodia del Estado, por estar confinados en una institución penal. El proceder del Estado en estos casos apunta, como poco, a una ausen-cia de buen juicio. La falta de buen juicio, sin embargo, aunque lamentable, no invalida el proceso. No hay duda de que la utilización indiscriminada de la presentación de car-gos en ausencia por el Departamento de Justicia ha llevado a este Tribunal al penoso resultado de hoy. Muy mal le ha servido al Ministerio Público esta desafortunada política pública.
Los hechos que motivan el recurso del Procurador General se encuentran consignados en la opinión mayorita-ria, por lo que es innecesario repetirlos. Procedo, por lo tanto, a la discusión de la controversia ante nuestra consideración.
I
A. La Sec. 10 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico establece, en lo pertinente, que “[s]ólo se expedirán mandamientos autorizando ... arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación”. Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 311. En sa-tisfacción de las exigencias del texto constitucional, la Re-gla 6 de Procedimiento Criminal dispone un procedimiento para la determinación de causa probable para el arresto, mediando la figura imparcial del juez y fundamentada en un juramento o afirmación. 34 L.P.R.A. Ap. II. Véase Pueblo v. Irizarry, 160 D.P.R. 544, 559 (2003). Se trata del inicio de la acción penal en nuestro ordenamiento. Pueblo v. Miró González, 133 D.P.R. 813, 819 (1993). Expresa el profesor Chiesa que “[l]o importante es que en la vista de causa probable para arresto se provean al magistrado los *623 elementos para que éste pueda inferir la probabilidad de que 1) se ha cometido determinado delito, y 2) el delito fue cometido por la persona contra la cual se determina causa probable”. E.L. Chiesa, Derecho procesal penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1993, Vol. Ill, Sec. 21.3, pág. 29.
Por lo tanto, lo esencial es que se respeten los requisitos constitucionales; a saber, la intervención de la figura im-parcial del juez, la existencia de una causa probable, cuya determinación esté fundamentada en un juramento o afir-mación, y la especificidad de la orden. Pueblo v. Irizarry Quiñones, supra, pág. 559. De hecho, hemos sido enfáticos al establecer que, una vez cumplidos estos requisitos, el método mediante el cual se pruebe la existencia de una causa probable es realmente algo secundario.(1) Id.
En Pueblo v. North Caribbean, 162 D.P.R. 374, 386 (2004), reiteramos que la presencia del imputado no es re-quisito para la validez de una determinación de causa probable para el arresto. De hecho, por lo general, éste no estará presente en el procedimiento. D. Nevares-Muñiz, Sumario de Derecho Procesal Penal puertorriqueño, 8va ed., San Juan, Ed. Inst, para el Desarrollo del Derecho, 2007, pág. 45 (“Por lo general, la persona no estará pre-sente; precisamente el propósito de la vista es que se or-dene su arresto o citación”). Véase, además, Chiesa, op. cit, pág. 25. Sin embargo, contradictoriamente, la Regla 6 de Procedimiento Criminal, supra, reconoce el derecho del imputado a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba en su favor. Al *624 interpretar dicha disposición, hemos establecido que se trata de un vestigio de la anterior versión de la regla, se-gún establecida por la Ley Núm. 29 de 19 de junio de 1987 (34 L.P.R.A. Ap. II). Pueblo v. Rivera Rivera, 145 D.P.R. 366, 375 (1998).
El antiguo estatuto había creado en nuestro ordena-miento un mecanismo híbrido, de naturaleza adversativa, mediante el cual se combinaba la vista de determinación de causa probable para arresto con la de determinación de causa probable para acusar. Id., pág. 372. Si el imputado del delito comparecía a la vista representado por abogado y ella se^ examinaba a un testigo con conocimiento personal de los hechos, no sería necesaria la posterior celebración de una vista preliminar. Pueblo v. Rodríguez López, 155 D.P.R. 894, 900 (2004). Por lo tanto, la naturaleza adver-sativa del anterior procedimiento respondía a que había sido concebido para, en algunas instancias, hacer innece-saria la celebración de una vista preliminar. Sin embargo, al reinstalar el procedimiento informal aún vigente, el le-gislador, al parecer por inadvertencia, omitió eliminar la referencia a los derechos que amparaban al imputado de delito según el esquema anterior. Pueblo v. Irizarry Quiñones, supra, pág. 558.
A fin de armonizar dichas disposiciones con el carácter poco adversativo de la regla actual, en Pueblo v. Rivera Rivera, supra, pág. 375, establecimos que los derechos a asistencia de abogado, contrainterrogar testigos y ofrecer prueba a su favor sólo se reconocerán si la determinación de causa probable para el arresto se hace en presencia del imputado. En Pueblo v. Irizarry Quiñones, supra, pág. 564, aclaramos que, aun así, estos derechos serían reconocidos limitadamente y su ejercicio estaría sujeto a la discreción del Tribunal. Sólo de esa manera se preserva el carácter informal y poco adversativo del procedimiento dispuesto en la Regla 6 y se evita que se convierta en una “pre-vista preliminar” o mini juicio. Id., pág. 563. Véase, además, Chiesa, op. cit., pág. 26.
*625 De lo anterior podemos colegir que el procedimiento actual de determinación de causa probable para el arresto es informal y poco adversativo, en cuyo trámite el Ministerio Público goza de una amplia discreción para escoger el mé-todo mediante el cual demostrará que se ha cometido un delito por el imputado. El ejercicio de esta discreción no está sujeto a la presencia del imputado en el procedi-miento.
Sostiene lá opinión mayoritaria que una interpretación armoniosa de las disposiciones de la Regla 6, supra, exige concluir que no puede dejarse a merced del Ministerio Pú-blico, a quien corresponde encausar al imputado, elegir cuándo citarlo a la vista de determinación de causa para el arresto. Ello porque de su comparecencia depende la apli-cabilidad de los derechos a la asistencia de abogado, la re-presentación legal y el contrainterrogatorio de testigos que reconoce la citada Regla 6.
Desatiende lá mayoría, sin embargo, que la letra de la Regla 6, supra, no exige al Ministerio Público citar al imputado. Parece lógico pensar que si esa hubiese sido la intención del legislador, así lo hubiese hecho constar claramente. La regla tampoco requiere la presencia del im-putado para la validez de los procedimientos. Al respecto expresa el profesor Chiesa, op. cit, pág. 26, que el silencio de la regla parece dejar “a la total discreción del Estado citar o invitar al denunciado á la vista de determinación de causa probable para el arresto”. Más aún, según reconoce la opinión mayoritaria, el propio lenguaje de la disposición parte de la premisa de que el imputado no está presente en el procedimiento. Por lo tanto, el hecho de que se permita la comparecencia del imputado al procedimiento de Regla 6, süpra, o de que se le reconozcan ciertos derechos al com-parecer a éste, no implica que el Ministerio Público esté obligado a citarlo. Tampoco que tenga que demostrar, me-diante presentación de la prueba, las razones para no ha-cerlo con el fin de que el magistrado determine si procede la celebración de la vista en su ausencia.
*626 Como expresamos en. Pueblo v. Irizarry, supra, pág. 561, a los efectos de que “no debemos establecer restricciones o limitaciones, ni hacer distinciones que la propia regla no impone”.
B. En segundo término, entiendo que, en ausencia de expresión legislativa en contrario, es al fiscal a quien co-rresponde decidir cuándo citar al imputado para que com-parezca a la vista de determinación de causa para el arresto. Ello, porque así surge de sus prerrogativas y fun-ciones según definidas por la Constitución y las leyes crea-das a su amparo.
Como sabemos, en nuestro sistema de separación de po-deres, la función de velar y hacer cumplir las leyes recae sobre la Rama Ejecutiva, en particular, el Departamento de Justicia. 3 L.P.R.A. see. 292; Pueblo v. Tribunal Superior, 94 D.P.R. 59, 65 (1967); Pueblo v. Pérez Casillas, 126 D.P.R. 702, 710 (1990). Es en los fiscales de dicho Departa-mento en quienes reside “la función de procesar a todos los delincuentes por los crímenes y delitos de que pueda conocer bajo la autoridad y en representación del Estado Libre Asociado de Puerto Rico”. Pueblo v. Quiñones, Rivera, 133 D.P.R. 332, 338 (1997). Véase 3 L.P.R.A. sec. 294x.
Hemos expresado que los poderes del fiscal incluyen “la facultad y responsabilidad de investigar los hechos delictivos y [de tomar] la decisión de a qué persona acusar y procesar criminalmente, y por qué delito”. Pueblo v. Dávila Delgado, 143 D.P.R. 157, 170 (1997). Igualmente, el Ministerio Público posee la capacidad de realizar alegaciones preacordadas con la defensa de personas implicadas en la comisión de delitos, Regla 72 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y de ejercer su criterio al decidir si pro-seguir con los procedimientos ulteriores a la vista preliminar. Regla 24 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.
Como señalé en el caso específico del procedimiento dis-puesto en la Regla 6, supra, el fiscal tiene la potestad de *627 decidir cuál método utilizar para lograr la determinación de causa probable para arrestar o si una combinación de los dispuestos en la regla a tales efectos. De hecho, el al-cance de los derechos del imputado en la etapa de la acción penal varía en función del método escogido por el fiscal en el ejercicio de su discreción. Pueblo v. Irizarry, supra.
En el descargo de dichas funciones, el fiscal posee amplia discreción. Pueblo v. Dávila Delgado, supra. Ahora bien, no cabe duda de que la discreción no es absoluta, sino que está limitada por consideraciones de índole constitu-cional y de política pública. Pueblo v. Pérez Casillas, supra, pág. 712; Pueblo v. Dávila Delgado, supra. Así, por ejemplo, “la decisión de procesar no puede estar basada en cla-sificaciones impermisibles, como raza y religión”. Pueblo v. Dávila Delgado, supra, pág. 171. Citando a Chiesa, op. cit., Vol. II, pág. 578.
Igualmente, es un principio reconocido que “la oficiali-dad de su cargo no ... impone [a los fiscales] una obligación inexorable”. O.E. Resumil, Práctica jurídica de Puerto Rico: derecho procesal penal, Orford, Equity Pub. Co., 1990, T. 1, Sec. 5.14, pág. 91. Su fin primordial como repre-sentantes del Estado es hacer justicia, no ganar casos. Pueblo v. Delgado López, 106 D.P.R. 441, 444 (1977). Por lo tanto, como funcionarios públicos, su compromiso con la justicia sobrepasa su obligación principal y sirve de guía en el desempeño de sus funciones.
Según lo anterior, entiendo que decidir si citar o no al imputado al procedimiento de Regla 6, supra, es una fun-ción inherente a las facultades investigativas del fiscal, en quien reside la responsabilidad y el deber de tramitar la acción penal en representación del Estado como parte.(2) *628 Como ocurre con el resto de sus funciones, al ejercerla, el fiscal goza de amplia discreción. Ahora bien, la discreción no es absoluta, sino limitada por los derechos constitucio-nales del imputado y por las consideraciones de política pública que hemos discutido.
La mayoría entiende, sin embargo, que permitir al Mi-nisterio Público decidir cuándo citar al imputado de delito al proceso de determinación de causa probable para el arresto se presta para acciones discriminatorias e irrazo-nables por parte del Estado. Sin embargo, como hemos visto, nuestro ordenamiento parte de la premisa de que la entidad no es guiada por el afán de ganar casos, sino por el del esclarecimiento de la verdad y del logro de la justicia. Así, reconoce la discreción del Ministerio Público a lo largo de la acción penal y establece el control efectivo de su ejer-cicio al imponer límites a ésta. Los límites proveen la pro-tección necesaria al imputado frente a las actuaciones dis-criminatorias o arbitrarias del Estado. Por lo tanto, la interpretación que propongo no impide que, en caso de que el Ministerio Público proceda discriminatoriamente contra un imputado, este último pueda hacer un planteamiento al amparo de la cláusula de igual protección de las leyes.
En suma, la decisión de la mayoría añade un elemento o requisito al procedimiento de determinación de causa probable para el arresto que la propia Regla 6 de Procedi-miento Criminal, supra, no contempla. Al hacerlo, coarta impermisiblemente la discreción de que goza el Ministerio Público en el desempeño, de sus prerrogativas en la fase investigativa de la acción penal. No puedo estar de acuerdo con este resultado. En su lugar, hubiera revocado la deter-minación del Tribunal de Apelaciones y ordenado la cele-bración de la vista de causa probable para el arresto en ausencia de los imputados.

 Nos referimos a las varias formas que tiene el Ministerio Público para de-mostrar la existencia de causa probable, a saber, a base de: (1) la denuncia jurada; (2) la denuncia y las declaraciones juradas que se incluyan con la denuncia; (3) la denuncia y el examen del testimonio del denunciante o sus testigos; (4) las declara-ciones juradas que se incluyan con la denuncia; (5) las declaraciones juradas que se incluyan con la denuncia y el examen del testimonio del denunciante o sus testigos; (6) el testimonio del denunciante o algún testigo con conocimiento personal del hecho delictivo, o (7) la denuncia, las declaraciones juradas que se incluyan con la denuncia y el examen del testimonio del denunciante o sus testigos; o una combinación de éstas. Pueblo v. Irizarry, 160 D.P.R. 544, 562 (2003).

 En Pueblo v. North Caribbean, 162 D.P.R. 374 (2004), expresamos, en el contexto de la vista de determinación de causa probable para el arresto en alzada, que “el tribunal tiene la facultad de expedir u ordenar la citación, tanto del imputado como de los testigos de cargo anunciados, cuando el fiscal o los agentes lo solicitan”. (Enfasis suplido.) Esta expresión, a mi entender, reconoce y apoya la conclusión a los efectos de que la facultad de decidir si citar o no al imputado reside en la Fiscalía.