Versión para imprimir


EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Ramón Rivera Cuevas<br><br>Peticionario | Certiorari<br><br>2011 TSPR 62<br><br>181 DPR \_\_\_\_ |

Número del Caso: CC        - 2008 - 1086

Fecha: 20 de abril de 2011

Tribunal de Apelaciones:

  Región Judicial de Bayamón Panel VIII

Jueza Ponente:
      Hon. Carmen H. Carlo Cabrera

Oficina de la Procuradora General:


    Lcda. Mayra J. Serrano Borges
    Procuradora General Auxiliar

Abogado de la Parte Recurrida:

    Lcdo. Aurelio Gracia Morales

Materia:    Art. 193 C.P. Tercer Grado

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

                              CC-2008-1086

       v.

Ramón Rivera Cuevas

     Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 20 de abril de 2011.

En esta ocasión tenemos la encomienda de auscultar si se cumplieron los requisitos que nuestro ordenamiento jurídico exige para que proceda la desestimación de una acusación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64. Además, tenemos la oportunidad de expresarnos sobre el elemento subjetivo que requiere el delito de apropiación ilegal agravada. Art. 219 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4821. Debido a que se presentó prueba de todos los elementos del delito de apropiación ilegal agravada, revocamos la

Sentencia dictada por el Tribunal de Apelaciones.

I

El recurrido, Sr. Ramón Rivera Cuevas, llevaba más de 26 años como empleado de la Autoridad de Energía Eléctrica (AEE). El 20 de octubre de 2007 el señor Rivera Cuevas comenzó a trabajar a las 7:30 am. Durante ese día de trabajo tenía que atender alrededor de 13 tareas que le tomarían todo el día. Sin supervisión directa de ningún gerencial de la AEE, se le asignó un camión, materiales y herramientas, entre las que se encontraban unos rollos de cable de cobre.

Al mismo tiempo, el Sr. Carlos Bosque Pérez, oficial de seguridad de la AEE, recibió una confidencia que lo alertaba sobre un empleado de la agencia que se apropiaba ilegalmente de materiales. En específico, la confidencia imputaba al señor Rivera Cuevas apropiarse de rollos de cable tamaño 12, que luego dejaba en una estación de gasolina.

Para corroborar la confidencia recibida, el señor Bosque Pérez acudió el 20 de octubre de 2007 a la gasolinera señalada. Allí observó que a las 10:30 am el señor Rivera Cuevas se personó en el camión de la AEE que conducía, se estacionó y se bajó del vehículo. Sacó dos rollos de cable y entró a la gasolinera. El señor Bosque Pérez notó que cuando salió el señor Rivera Cuevas de la estación de gasolina no cargaba con los rollos de cable. Además, observó que el señor Rivera Cuevas tenía

disposición de buscar más rollos de cable en el camión y dejarlos en el garaje. Sin embargo, cuando el señor Rivera Cuevas salió del lugar fue intervenido por el señor Bosque Pérez quien se identificó como oficial de seguridad corporativa e inquirió explicaciones de por qué Rivera Cuevas dejaba los rollos de cable en el garaje. El señor Rivera Cuevas alegó que dejaría el material allí para recogerlo luego.

Por otro lado, el Sr. José Santiago Colón, supervisor del señor Rivera Cuevas, recibió una llamada de éste último. En la llamada, el señor Rivera Cuevas le informó al supervisor Santiago Colón que dejó unos rollos de cable en un garaje de gasolina porque le molestaban en el camión y que el señor Bosque Pérez intervino con él. A raíz de esa llamada, el supervisor Santiago Colón se presentó en el garaje. En ese momento, el señor Bosque Pérez le cuestionó al supervisor Santiago Colón si ese día el señor Rivera Cuevas tenía algún tipo de trabajo en ese lugar y si estaba autorizado a dejar materiales en la estación de gasolina. El supervisor Santiago Colón contestó en la negativa a ambas preguntas. Posteriormente, el señor Bosque Pérez procedió a llamar a la policía.

Por los hechos antes narrados, se denunció al señor Rivera Cuevas por infracción al Art. 193 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4821, (apropiación ilegal agravada). En la primera vista preliminar, celebrada el 14 de diciembre de 2007, el magistrado que intervino

determinó que no había causa probable para acusar. En igual fecha, se señaló la vista preliminar en alzada para el 10 de enero de 2008.

El imputado estuvo representado por abogado en la vista preliminar en alzada. La prueba de cargo consistió en el testimonio de los señores Bosque Pérez y Santiago Colón. Luego de las respectivas argumentaciones el caso quedó sometido y el tribunal determinó que existía causa probable para juicio.

El acusado Rivera Cuevas presentó ante el Tribunal de Primera Instancia una moción de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal y una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal. El foro primario declaró improcedente la solicitud de supresión de evidencia. Sin embargo, consideró afirmativamente la moción de desestimación. Es decir, el foro primario concluyó que hubo ausencia total de prueba de los elementos del delito de apropiación ilegal agravada.

Inconforme con esa determinación, la Procuradora General presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. No obstante, el foro apelativo intermedio confirmó el dictamen del Tribunal de Primera Instancia. En particular, concluyó que se trataba de prueba débil y poco confiable que confirmaba la ausencia total del elemento de "intención específica" del delito de apropiación ilegal agravada y la insuficiencia de prueba para continuar con

el proceso judicial. El Hon. Troadio González Vargas, juez presidente del panel que atendió el recurso, disintió.

Entonces, el Ministerio Público nos solicitó que revisáramos la sentencia emitida por el Tribunal de Apelaciones. Le ordenamos al señor Rivera Cuevas que mostrara causa por la cual no debíamos expedir el auto de *certiorari*, revocar la Sentencia del Tribunal de Apelaciones, y declarar no ha lugar la moción de desestimación bajo la Regla 64(p), supra. En cumplimiento de nuestra orden, el señor Rivera Cuevas presentó su alegato. Con el beneficio del criterio de ambas partes, pasamos a evaluar la controversia ante nuestra consideración.

## II

## A

Al analizar anteriormente la institución procesal de la vista preliminar, regulada en la Regla 23 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.23, hemos expresado que

> [e]l fiscal no viene obligado a presentar en una vista preliminar toda la prueba de que dispone para establecer en su día la culpabilidad del acusado. Le basta con presentar aquella prueba que convenza al magistrado ante quien se celebra la vista de que se ha cometido un delito y de que hay causa probable para creer que el acusado lo cometió.
>
> Pueblo v. Figueroa Castro, 102 D.P.R. 279, 284 (1974), citado como autoridad en Pueblo v. Rodríguez López, 155 D.P.R. 894, 906 (2001).

Véase, además, D. Nevares Muñiz, Sumario de Derecho Procesal Puertorriqueño, 9 ed., San Juan, Instituto para el Desarrollo del Derecho Inc., 2007, págs. 109-110.

Como expresamos recientemente, el propósito principal de la vista preliminar es "evitar que una persona sea sometida injustificadamente a los rigores de un proceso penal". Pueblo v. Rivera Vázquez, Op. de 26 de enero de 2010, 2010 T.S.P.R. 8, 2010 J.T.S. 18, 177 D.P.R. __ (2010). Por tal razón, en la vista preliminar no se hace una adjudicación en los méritos sobre la culpabilidad de la persona imputada. No se trata de un "mini juicio". Íd, pág. 5.

En la etapa de la vista preliminar, el peso de la prueba recae sobre el Ministerio Público. Pueblo en interés del menor K.J.S.R., 172 D.P.R. 490, 498 (2007). No obstante, el fiscal no tiene que presentar toda la prueba que ostente contra el acusado. Íd. Basta con "demostrar que existe evidencia sobre todos los elementos del delito y su conexión con el acusado". Íd.

Comenta la profesora Olga E. Resumil Ramírez que el grado de evidencia necesario para que se emita una determinación positiva de causa probable en vista preliminar se cumple con presentar una scintilla en la cual apoyar una determinación prima facie de que se cometió un delito y que con toda probabilidad el imputado lo cometió. O.E. Resumil Ramírez, Derecho Procesal Penal,

San Juan, Butterworth Legal Publishers, 1993, Tomo II, Sec. 23.8, pág. 197.

Por otra parte, hemos señalado que durante la vista preliminar "el ministerio público debe presentar evidencia, legalmente admisible en un juicio plenario, sobre todos los elementos del delito imputado en la denuncia y su conexión con el imputado". Pueblo v. Andaluz Méndez, 143 D.P.R. 656, 661 (1997), citando a Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 664 (1985). Nuestros pronunciamientos al respecto quedaron codificados en la nueva Regla de Evidencia 103(F), 32 L.P.R.A. Ap. VI, R. 103(F), que establece que: "[e]n la vista de determinación de causa para acusar (vista preliminar), aunque las Reglas de Evidencia no obligan, la determinación de causa deberá efectuarse con evidencia admisible en el juicio".

El propósito de esta regla es dejar palmariamente establecido que las reglas de evidencia no obligan en la vista preliminar con el rigor que aplican en el juicio. E.L. Chiesa, Reglas de Evidencia de Puerto Rico 2009, Publicaciones J.T.S., 2009, pág. 81. No obstante, la propia Regla 103(C), supra, establece que "[l]as reglas de privilegios y conocimiento judicial aplican en todas las etapas de los procedimientos, acciones, y casos civiles y penales". En otras palabras, las únicas reglas de evidencia que aplican con todo rigor en la etapa de vista preliminar son las relativas a los privilegios y al

conocimiento judicial. Véase, Reglas de Evidencia 201-202 y 501-518, 32 L.P.R.A. Ap. VI.

Como se puede concluir, la cantidad de evidencia que tiene que presentar el Ministerio Público durante la vista preliminar es una *scintilla*. Sin embargo, dicha *scintilla* tiene que ser de calidad, pues tiene que ser admisible en el juicio en su fondo.

B

La Regla 64(p) de Procedimiento Criminal, supra, establece que una acusación puede ser desestimada si no se determinó causa probable por un magistrado con arreglo a ley y a derecho. En ocasiones anteriores hemos expresado que el remedio exclusivo que tiene el acusado ante una determinación de causa probable en la vista preliminar, ya sea la vista inicial o la vista en alzada, es la desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, supra. Véase, Pueblo v. Rivera Vázquez, supra, págs. 8-9.

Para que prospere una desestimación al amparo de esta regla es necesario que esté presente alguno de los dos fundamentos expresados en ésta. El primer fundamento reconocido es que haya ausencia total de prueba en la determinación de causa probable para acusar. Pueblo v. Rivera Vázquez, supra, pág. 9, citando a Pueblo v. Andaluz Méndez, supra, pág. 662; Pueblo v. Rivera Alicea, 125 D.P.R. 37, 42-43 (1989). El segundo fundamento reconocido

es que se infringió alguno de los requisitos o derechos procesales que se deben observar en dicha vista. Íd.

De ordinario, será necesario celebrar una vista para dirimir todas las controversias que puedan surgir en torno a la moción de desestimación. Ahora bien, el propósito de esa audiencia no es recibir prueba que no se presentó en la vista preliminar. Pueblo v. Rivera Vázquez, supra, pág. 9. Sobre el particular, comenta el profesor E.L. Chiesa Aponte sobre la Regla 64(p) que

> [l]a carga del acusado para que se desestime la acusación conforme a derecho es ciertamente onerosa. La moción de desestimación sólo ha de progresar en caso de que en la vista de determinación de causa probable hubiera una situación de ausencia total de prueba para creer que el acusado cometió el delito que se le imputa.
>
> E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Editorial Forum, 1993, Vol.III, Sec.26.2, pág. 257.

Por tal motivo hemos expresado que solo en caso de que haya ausencia total de prueba en la vista preliminar es que procede sustituir el criterio del juez que atienda la moción de desestimación por el del magistrado que haya presidido la vista aludida. Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592, 594 (1972), citado como autoridad en Pueblo v. Rivera Vázquez, supra.

En suma, a la hora de analizar una moción de desestimación al amparo de la Regla 64(p), se debe examinar la prueba desfilada en la vista preliminar, y determinar si esa prueba establece la probabilidad de que estén presentes cada uno de los elementos del delito y que

el imputado lo cometió. Asimismo, se debe considerar que aunque la prueba pueda establecer la posible comisión de otro delito, solo procede desestimar la acusación ante un caso claro de ausencia total de prueba sobre uno o varios elementos del delito, o en cuanto a si el imputado lo cometió. Véase, Pueblo v. Rivera Vázquez, supra; Pueblo v. Rivera Alicea, supra.

III

A

Es un principio básico del Derecho penal sustantivo que "[t]odo delito presupone una conducta humana que corresponde a la descripción de un tipo penal". D. Nevárez Muñiz, Nuevo Código Penal de Puerto Rico, 2ed. San Juan, Instituto para el Desarrollo del Derecho Inc., 2005, pág. 24. De igual forma, se ha establecido que "[e]l tipo penal específico ha de tener una parte objetiva (la acción u omisión) y una parte subjetiva (el elemento mental) que ha de reflejarse en la conducta humana". Íd.

En esencia, el tipo objetivo del delito se refiere a la acción u omisión que realiza una persona y que se encuentra codificada en algunos de los delitos prescritos en la parte especial del Código Penal de Puerto Rico o en otras leyes penales especiales. Véase en general, D. Nevárez Muñiz, Derecho Penal Puertorriqueño, 6ta ed., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2010, Sec. 5.3.1., págs. 139-147; L.E. Chiesa Aponte, Derecho Penal Sustantivo, Publicaciones J.T.S., 2007,

págs. 82-103; S. Mir Puig, Derecho Penal, Parte General, 7ma ed., Editorial B de F, 2004, págs. 179-206; W.E. LaFave y otros, Criminal Law, 4ta ed, Thomson West, 2003, Sec. 6.1-6.5, págs. 301-366.

L.E. Chiesa Aponte expresa que "[d]e conformidad con ciertos principios firmemente arraigados de derecho criminal [sic], resulta injusto castigar a un sujeto por realizar un hecho sin intención ni negligencia. L.E. Chiesa, op cit., pág. 140. (citas omitidas) En iguales términos se pronuncia LaFave al comentar que "la premisa básica que requiere algún *mens rea* para imponer responsabilidad penal se expresa en la máxima latina *actus not facit reum nisi mens sit rea.* (Un acto no hace que uno sea culpable a menos que su mente sea culpable)". LaFave, op cit., pág. 239. (Traducción nuestra) (The basic premise that for criminal liability some *mens rea* is required is expressed by the Latin maxim *actus not facit reum nisi mens sit rea,* an act does not make one guilty unless his mind is guilty)

En armonía con este principio básico, el Art. 22 del Código Penal de 2004 establece que

> [n]adie podrá ser sancionado por un hecho previsto en la ley penal si no lo ha realizado con intención o negligencia.
>
> La intención o negligencia se manifiestan por las circunstancias relacionadas con el hecho, la capacidad mental y las manifestaciones y conducta de la persona.
>
> Los hechos sancionados en este Código requieren intención, salvo que expresamente se indique que baste la negligencia.

33 L.P.R.A. §4650.

La primera oración del Art. 22, recoge la norma antes expresada de que para imponer responsabilidad penal es necesario que se configure el tipo subjetivo. Por otro lado, la segunda oración del artículo nos ilustra las diferentes formas en que se puede manifestar la intención. Al analizar si se configuró el elemento subjetivo, es necesario considerar "las circunstancias retrospectivas, es decir, circunstancias anteriores a la acción u omisión tipificada como delito que sean indicativas de una negligencia o intención de realizar el acto o la omisión delictiva". Nevárez Muñiz, Derecho Penal Puertorriqueño, op cit., pág. 193. Igualmente, es menester analizar las circunstancias concomitantes que "ocurren simultáneamente con la acción u omisión delictiva". Íd. Por último, resulta ineludible auscultar "las circunstancias prospectivas, es decir, aquellas que ocurren posterior al acto u omisión sancionado pero que tienden a demostrar una determinada intención o negligencia". Íd.

Es preciso puntualizar que la última oración del Art. 22, supra, incorpora en nuestra jurisdicción un sistema cerrado a la negligencia. L.E. Chiesa, op cit., pág. 141. Esto significa que todos los delitos requieren intención a menos que expresamente el tipo penal disponga que baste la negligencia. Íd. Esta distinción es importante pues bajo el Código Penal de 1974 era necesario analizar el tipo penal en particular y analizar cuál era el elemento

subjetivo que requería el delito en cuestión. E.L. Chiesa Aponte, L.E. Chiesa Aponte, Derecho Penal, 73 Rev. Jur. U.P.R. 671, 685-686 (2004). Ante el Código Penal de 2004 la tarea es más sencilla. Como regla general, los delitos son punibles cuando se realizan con intención. L.E. Chiesa Aponte, op cit., pág. 142. "Sin embargo, es permisible castigar hechos negligentes si se dispone expresamente en el tipo penal que el delito puede ser cometido mediante acciones imprudentes". Íd.

Por otro lado, el Art. 23 del Código Penal de 2004, 33 L.P.R.A. sec. 4651, regula las modalidades de intención. En particular dispone que:

Sec. 4651. Intención

El delito se considera cometido con intención:

(a) Cuando el hecho correspondiente ha sido realizado por una conducta dirigida voluntariamente a ejecutarlo;

(b) el hecho correspondiente es una consecuencia natural de la conducta voluntaria del autor; o

(c) cuando el sujeto ha querido su conducta a conciencia de que implicaba un riesgo considerable y no permitido de producir el hecho delictivo realizado.

En el inciso (a) se recoge lo que la doctrina española llama dolo directo de primer grado. S. Mir Puig, op cit., pág. 265. "En el dolo de primer grado el autor *persigue* la realización del delito." Íd. (Énfasis en el original). En otras palabras, "quien produce el resultado lesivo a propósito, actúa intencionalmente, pues desea la ejecución del hecho prohibido. Este *querer* producir el

resultado constituye la instancia más clara de conducta intencional". L.E. Chiesa Aponte, op cit., pág. 160. (Énfasis en el original)

Por otro lado, el inciso (b) establece lo que la doctrina española llama dolo directo de segundo grado. Mir Puig, op cit., pág. 265. En el dolo directo de segundo grado "el autor no tiene como propósito la producción del hecho delictivo, pero sabe que es prácticamente seguro que su actuación dará lugar a un resultado lesivo". Pueblo v. Sustache Sustache. Op. de 9 de julio de 2009, 2009 T.S.P.R. 119, 2009 J.T.S. 122, 176 D.P.R. __, (2009).

Mediante el inciso (c) se regula la forma más aguada de la intención. L.E. Chiesa, op cit. Pág. 159. Este tipo de intención

> incluye el dolo eventual, en la expresión "cuando el sujeto ha querido su conducta a conciencia de que en su caso concreto implica un riesgo considerable y no permitido de producir el hecho realizado". … Esta propuesta concede al dolo eventual toda la amplitud posible, desde el punto de vista de lo que puede considerarse como conocido y por lo tanto aceptado por el sujeto en el momento en que decide actuar. La intención supone, por lo menos, que el sujeto está consciente de la peligrosidad objetiva de su conducta en su caso concreto. (citas omitidas)
>
> Informe del P. de la S. Núm. 2302, Comisión de lo Jurídico del Senado, 5ta Sesión Ordinaria, 14ta Asamblea Legislativa, págs. 24-26. Citado como autoridad en D. Nevárez Muñiz, Derecho Penal Puertorriqueño, op cit., pág. 190.

En algunas ocasiones, los delitos codificados en la Parte Especial del Código Penal de 2004 o en otras leyes penales especiales requieren un elemento subjetivo adicional a la intención que requiere el Art. 23, supra.

"En estos supuestos se requiere, además de prueba sobre la intención del sujeto, evidencia de que actuó con determinado propósito o estado mental que convierte su conducta en una particularmente reprochable". L.E. Chiesa Aponte, op cit., págs. 163-164.

En cuanto al deber que tiene el Ministerio Público de establecer el elemento subjetivo adicional a la intención, el profesor Luis Chiesa Aponte expresa que: "[e]n vista de que estos estados mentales adicionales a la intención son elementos constitutivos de delitos, el Ministerio Público tiene la obligación de alegarlos en la acusación y de traer evidencia tendente a establecerlos durante su presentación de la prueba de cargo". L.E. Chiesa Aponte, op cit., pág. 165.

En resumen, en nuestro ordenamiento jurídico el tipo subjetivo se cumple con satisfacer algunas de las modalidades de la intención que contiene el Art. 23 del Código Penal de 2004, supra. No obstante, existen ciertos delitos que exigen un elemento subjetivo adicional a la intención requerida por el Art. 23 y que el Ministerio Público tiene la obligación de probar durante la presentación de la prueba de cargo.

B

El Art. 192 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4820, establece que "toda persona que ilegalmente se apropie sin violencia ni intimidación de bienes muebles pertenecientes a otra persona incurrirá en

el delito de apropiación ilegal…". Por otro lado, el Art. 193 del mismo Código, 33 L.P.R.A. sec. 4821, dispone que incurrirá en delito de apropiación ilegal agravada de tercer grado "toda persona que cometa el delito de apropiación ilegal descrito en el Art. 192, si se apropia de propiedad o fondos públicos, o de bienes cuyo valor sea de mil (1,000) dólares o más…".

El bien jurídico protegido en este delito es el derecho de posesión y propiedad de la cosa mueble. F. Muñoz Conde, Derecho Penal, Parte Especial, 15ta ed., Valencia, Tirant lo Blanch, 2004, págs. 376-377. Por tal motivo, al analizar los elementos del delito, notamos que el objeto material es la cosa mueble ajena. Íd, pág. 377.

La acción que configura el delito consiste en apropiarse, es decir, tomar las cosas muebles ajenas. Esta actuación se puede lograr por los medios más diversos. Íd. Señala el profesor Cifredo Cancel que "[u]n tipo objetivo como el de *ejercer control sobre cosa ajena sin autorización* indica con suficiente precisión cuál es el comportamiento prohibido en el delito de apropiación ilegal". F. Cifredo Cancel, Apropiación Indebida, Hurto, Estafa y Daños en España, Estados Unidos y Puerto Rico, (Con Excurso sobre Problemática Concursal), 69 Rev. Jur. U.P.R. 135, 297 (2000). Así pues, para que se configure el delito es necesario que haya una transferencia o desplazamiento de la propiedad mueble de un patrimonio a otro, aunque la apropiación del bien mueble sea de

carácter temporero, o incluso aun cuando se devuelva a su dueño el bien apropiado.

Para establecer claramente el tipo subjetivo requerido para el delito de apropiación ilegal es ilustrativo que acudamos al Derecho comparado. En específico, el Código Penal español define el hurto, delito análogo al delito de apropiación ilegal de la siguiente forma: "[e]l que **con ánimo de lucro** tomare las cosas muebles sin la voluntad de su dueño será castigado, como reo de hurto…". Muñoz Conde, op cit., pág. 376. (Énfasis suplido). Como se aprecia, el delito de hurto en España exige un elemento subjetivo adicional a la intención, a saber, que haya ánimo de lucro, requisito que no se exige en Puerto Rico. No obstante en Pueblo v. Miranda Ortiz, 117 D.P.R. 188, 194 (1986), mencionamos que "el delito de apropiación ilegal es uno que, por su naturaleza, exige que se realice con intención específica de apropiarse de los bienes". (Énfasis suplido). Esta aseveración parece indicar que se requiere un grado subjetivo adicional a la intención que requiere el Art. 23, supra.

La frase "intención específica" ha traído gran confusión al Derecho penal sustantivo de esta jurisdicción. Véase L.E. Chiesa, op cit., págs. 165 y ss. La confusión se debe a que "[e]l significado de los conceptos de intención específica e intención general varían según el contexto en que sean empleados". Íd.

En la más común de las acepciones, "el término intención específica se utiliza para designar un elemento subjetivo adicional al estado mental requerido por el tipo objetivo del delito". LaFave y otros, op cit., págs. 253-254. (Traducción nuestra). En otras ocasiones, el término "intención específica" puede utilizarse para distinguir la intención requerida por el inciso (a) del Art. 23, supra, de la intención requerida por los incisos (b) y (c) del referido Artículo. L.E. Chiesa, op cit., pág. 165.

Sin embargo, en Pueblo v. Miranda Ortiz, supra, utilizamos el término "intención específica" en otra acepción. En este caso el acusado recibió un veredicto de culpabilidad por el delito de apropiación ilegal, Art. 166 del Código Penal de 1974, 33 L.P.R.A. sec. 4272. Un análisis detenido de la opinión demuestra que al utilizar el término "intención específica", nos referíamos a que el delito de apropiación ilegal requiere un tipo subjetivo o "mens rea", como cualquier otro delito. En particular, mencionamos que "[l]a situación fáctica del caso de autos denota una ausencia total de intención criminal." Pueblo v. Miranda Ortiz, supra, pág. 194. Es decir, el Ministerio Público no presentó prueba más allá de toda duda razonable de que el acusado cometiera el delito con cualquiera de los grados de intención que prescribía en ese entonces el Art. 15, supra. Véase Pueblo v. Miranda Ortiz, supra, pág. 196.

Por tal motivo, nuestras expresiones anteriores en torno al tipo subjetivo requerido en el delito de apropiación ilegal deben ser interpretadas a la luz de la doctrina de intención específica. Así pues, el tipo subjetivo del delito de apropiación ilegal estatuido en el Art. 192, supra, se configura bajo cualquiera de las modalidades del Art. 23, supra. En otras palabras, el delito de apropiación ilegal no requiere ningún tipo de elemento subjetivo adicional a la intención regulada en el Art. 23, supra.

Una vez delimitada con precisión la intención requerida para el delito de apropiación ilegal, es menester señalar que la intención de apropiarse ilegalmente del bien inmueble ajeno puede ser temporalmente, aun cuando posteriormente el objeto sea devuelto a su dueño. Pueblo v. Pintos Lugo, 131 D.P.R. 1015, 1020-1021 (1992). De igual forma, la intención puede inferirse de las circunstancias relacionadas con la comisión del delito y la conducta del imputado. Íd. Basta recordar que la evidencia indirecta o circunstancial es intrínsecamente igual a la evidencia directa. Pueblo v. Pagán Santiago, 130 D.P.R. 470, 479 (1992); Pueblo v. Ortiz Martínez, 116 D.P.R. 139, 145 (1985); 109 D.P.R. 517, 525 (1980). Esto significa que el tipo subjetivo del delito se puede inferir a base de prueba circunstancial. Pueblo v. Torres Montañez, 106 D.P.R. 125, 130 (1977). Véase además, E.L. Chiesa Aponte, Tratado de Derecho

Probatorio, Publicaciones J.T.S., 1998, Tomo II, Sec. 14.8, pág. 1238.

IV

Al analizar la prueba presentada en la vista preliminar, no podemos concluir que el foro de instancia estuviera ante una situación de ausencia total de evidencia. La prueba presentada en la vista preliminar en alzada cumplió con la *scintilla* de prueba que se requiere en la etapa en la que se encuentra el proceso penal. Conviene recordar que nos encontramos ante una moción de desestimación al amparo de la Regla 64(p), supra, que solo prosperará si hay ausencia total de prueba sobre los elementos del delito de apropiación ilegal agravada, Art. 193, supra. Por tal razón, se derrota una moción de desestimación al amparo de la Regla 64(p) si se demuestra que se presentó alguna evidencia sobre todos los elementos del delito y su conexión con el acusado. Resumil, op cit., pág. 197. Claro está, esta prueba tiene que ser admisible en el juicio en su fondo. Pueblo v. Andaluz, supra, pág. 661. En el caso que nos ocupa se cumplió con ese requisito.

En específico, el señor Bosque Pérez testificó que había una confidencia en la cual se incriminaba al imputado con un esquema de apropiación ilegal de materiales propiedad de la AEE. Según su relato, para corroborar ese esquema se personó en la estación de gasolina y vio cuando el imputado dejaba los rollos de

cobre en la estación de gasolina. Es un hecho incontrovertido que el acusado no estaba autorizado a dejar ni almacenar en la estación de gasolina los rollos de cable. Además, los camiones de la AEE no se abastecían de combustible en ese garaje. En resumidas cuentas, no había autorización ni razón para que el recurrido dejara en la estación de gasolina los materiales de la AEE que tenía bajo su custodia.

La consumación del delito de apropiación ilegal se configura con el desplazamiento de un bien mueble ajeno a otro patrimonio aunque la apropiación sea temporera. En el caso que nos ocupa, y según la prueba de cargo, el señor Rivera Ramos ejerció control sobre los rollos de cable (cosa ajena) sin autorización de la AEE y los extrajo del patrimonio de esta entidad pública. Al así actuar, configuró el tipo objetivo del delito de apropiación ilegal agravada.

En cuanto al elemento subjetivo del delito de apropiación ilegal, ya mencionamos que se consuma con cualquiera de las modalidades de la intención recogidas en el Art. 23, _supra_. En el caso de autos, nos encontramos con una actuación dirigida voluntariamente a sustraer los rollos de cobre del patrimonio de la AEE, inciso (a) del Art. 23, _supra_. Si analizamos las circunstancias concomitantes que ocurrieron en este caso, resulta ineludible concluir que se presentó prueba suficiente en esta etapa de los procedimientos para inferir la intención

requerida por el delito de apropiación ilegal agravada. Véase, Nevárez Muñiz, Derecho Penal Puertorriqueño, op cit., pág. 193. Es poco menos que imposible probar el elemento subjetivo del delito mediante prueba directa. No obstante, en el caso que nos ocupa se presentó prueba circunstancial.

Según la prueba de cargo, el señor Rivera Cuevas no tenía ninguna tarea que realizar en la estación de gasolina. Mucho menos tenía instrucciones de dejar fuera de su custodia unos rollos de cobre propiedad de la AEE. De igual forma, el señor Rivera Cuevas le comunicó a su supervisor que dejaría los rollos de cobre en la gasolinera *después* de que el señor Bosque Pérez lo cuestionara. Sin lugar a dudas, se presentó más que una *scintilla* de evidencia sobre el elemento subjetivo requerido en el delito de apropiación ilegal. Por eso no procede la desestimación de la acusación.

En conclusión, la prueba presentada cumplió con el *quantum* requerido en esta etapa de los procedimientos. Claro está, no hemos adjudicado el caso en sus méritos. Esa labor se tiene que realizar en un juicio plenario en el que el acusado Rivera Cuevas tenga todas las garantías procesales que nuestro ordenamiento jurídico provee.

V

Por los fundamentos anteriormente expuestos, se expide el auto de *certiorari*, se revoca la sentencia del Tribunal de Apelaciones y se declara no ha lugar la moción

de desestimación presentada al amparo de la Regla 64(p) de Procedimiento Criminal, _supra_. Se devuelve el caso al Tribunal de Primera Instancia, Sala de Bayamón, para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Se dictará Sentencia de conformidad.


RAFAEL. L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

     v.                    CC-2008-1086

Ramón Rivera Cuevas

     Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 20 de abril de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca la sentencia del Tribunal de Apelaciones y se declara no ha lugar la moción de desestimación presentada al amparo de la Regla 64(p) de Procedimiento Criminal, supra. Se devuelve el caso al Tribunal de Primera Instancia, Sala de Bayamón, para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo